IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| D.J. SIMMONS COMPANY | ) | Case No. 16-11763-JGR |
| LIMITED PARTNERSHIP | ) | |
| EIN: 85-0413146, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| KIMBETO RESOURCES, LLC | ) | Case No. 16-11765-JGR |
| EIN: 85-0473314, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| D.J. SIMMONS, INC. | ) | Case No. 16-11767-JGR |
| EIN: 85-0407729, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | **Jointly Administered as** |
| | ) | **Case No. 16-11763-JGR** |

**DEBTORS' MOTION TO EXTEND EXCLUSIVITY PERIOD TO FILE
PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT
AND TO SOLICIT AND OBTAIN ACCEPTANCES OF PLAN**

Debtors-in-Possession D.J. Simmons Company Limited Partnership, Kimbeto Resources, LLC, and D.J. Simmons, Inc. (jointly, the "Debtors"), for their Motion to Extend Exclusivity Period to File Plan of Reorganization and Disclosure Statement and to Solicit and Obtain Acceptances of Plan (this "Motion"), state:

**BACKGROUND**

1. On March 1, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On March 9, 2016, the Court granted Debtors' request to jointly administer their related bankruptcy cases, case nos. 16-11763, 16-11765, and 16-11767, under this lead case (the "Bankruptcy Case").

3. Debtors remain in possession of their property and manage their properties as debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code. No trustees, examiners, or committees have been appointed in the Debtors' cases.

4. Debtors collectively engage in the acquisition, exploration, and development of oil and gas properties, and are primarily focused on extracting proved hydrocarbon reserves from those properties. Debtors have oil and natural gas reserves from approximately 100 wells operated by D.J. Simmons, Inc. and 500 wells operated by third parties, in Colorado, New Mexico, Utah, and Texas.

5. In these jointly administered cases, the Court set the proof of claim bar date as May 27, 2016. As of the date of this Motion, there are approximately 45 claims filed that exceed $37 million.[1]

6. Debtors' exclusive period within which to file a proposed plan of reorganization expires June 29, 2016 – the same day Debtors' disclosure statement is due. *See* 11 U.S.C. § 1121(b); *see also* Dkt. #1. The 180 day period for solicitation of acceptance of the Debtors' Plan expires on August 29, 2016. *See* 11 U.S.C. § 1121(c)(3).

7. Through this Motion, Debtors request a 30-day extension of time to file their plan of reorganization and disclosure statement, and the same extension to solicit acceptance for their plan. If allowed by the Court, the new deadline to file a plan of reorganization and disclosure

---

[1] This amount includes the same claim filed by BOKF, NA d/b/a Bank of Oklahoma in each case for $9,269,863.04 ("BOKF's Claim"). BOKF's Claim is based on one loan made to all three Debtors. Debtors are still reviewing and analyzing all proofs of claims and the grounds underlying each proof of claim.

2

statement will be July 29, 2016, and the corresponding deadline for solicitation and acceptance of the plan will be September 28, 2016.

## ARGUMENT AND AUTHORITY

8. "Underlying the Bankruptcy Code is the general principle that an honest and diligent debtor should be given a first opportunity to get a plan confirmed and do so in the most cost-effective manner possible." *In re Aspen Limousine Serv., Inc.*, 187 B.R. 989, 993 (Bankr. D. Colo. 1995).

9. "Section 1121(b) grants a debtor exclusive periods for the filing, and solicitation, of a reorganization plan." *In re Adelphia Comm. Corp.*, 352 B.R. 578, 585 (Bankr. S.D.N.Y. 2006). In a Chapter 11 case, "only the debtor may file a plan until after 120 days after the date of the order for relief." 11 U.S.C. § 1121(b). If the debtor files a plan within that 120-day exclusivity period, § 1121(c)(3) gives the debtor 180 days after the order for relief to obtain acceptance by each class of claims or interests impaired by the plan. No other party in interest may file a plan during these time periods.

10. Section 1121(d)(1) provides that the court may extend the 120-day plan exclusivity period and the 180-day acceptance solicitation period upon request of a party in interest made within the respective periods. The only limitations on extensions of the exclusivity periods appear in § 1121(d)(2), which limit the plan exclusivity period to 18 months post-petition and soliciting acceptances to 20 months post-petition. *See* 11 U.S.C. § 1121(d)(2)(A) and (B). Otherwise, the Court's decision to extend exclusivity periods for "cause" is a matter of discretion. *Adelphia*, 352 B.R. at 586; *see also In re Borders Group, Inc.,* 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484 (Bankr. D. Conn. 2007).

11. Factors bearing on "cause" for an extension of the exclusivity include:

3

      (a)    the size and complexity of the case;

      (b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

      (c)    the existence of good faith progress toward reorganization;

      (d)    the fact that the debtor is paying its bills as they become due;

      (e)    whether the debtor has demonstrative reasonable prospects for filing a viable plan;

      (f)    whether the debtor has made progress in negotiations with its creditors;

      (g)    the amount of time which has elapsed in the case;

      (h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

      (i)    whether an unresolved contingency exists.

*Adelphia*, 352 B.R. at 587; *see also Borders,* 460 B.R. at 822 (same); *In re Service Merchandise Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (same).

    12.    The requested extension is well-within the statutory limitations and cause exists for additional time. Debtors have been operating in Chapter 11 for approximately three months – a relatively short amount of time given the complexity of this case – and have requested no prior extensions. Debtors have been paying post-petition obligations, filing monthly reports, and working to determine the most cost-efficient process for management and personnel to continue operations during the reorganization period.

    13.    The claims bar date occurred approximately 10 days ago, and Debtors have been evaluating filed claims and potential classes for their reorganization plan. Unexpected claims have surfaced, including a claim related to purchase and sale agreement from 2012 that may have royalty payment and other components concerning the Bureau of Indian Affairs. Debtors are evaluating this claim with the creditor that purchased the lease from the Debtors, and formulating a response and/or potential settlement that may be implemented through a plan but, in any event,

requires Court approval. Thus, additional negotiations are required before the Debtors can propose the most cost-efficient and confirmable plan of reorganization.

14. Debtors continue to evaluate their operations and administrative costs, and are working to find the best transition or placement for certain officers, directors, and employees. Further minimizing their overhead as part of a confirmable plan of reorganization is appropriate and requires the Debtors to request additional time for adequate disclosures and analysis of their proposed post-confirmation actions.

15. Finally, Debtors are also parties to hundreds of oil and gas executory contracts and several right-of-way contracts that govern access roads to wells and pipelines. Debtors are working to determine whether these agreements are subject to 11 U.S.C. § 365 and how to efficiently administer them through a plan of reorganization. Adding to the complexity of this case, oil prices rose significantly in April, are expected to continue rising, and natural gas prices are at their highest since January. As a result, Debtors need additional time to determine a plan and procedure to maximize recoveries for the estate and its creditors. Debtors are not seeking the extension to delay matters in this Chapter 11 case, nor is an extension being sought to pressure creditors.

16. Almost all factors necessary for "cause" to grant Debtors' requested relief are present in this case. Debtors have, in good faith, only requested a brief 30-day extension because they believe an efficient, confirmable plan can be proposed within this timeframe.

17. Section 1121(d) requires notice and a hearing for approval of an extension of time. Courts have recognized that, under a plain reading, "the statutory requirement is that a *request* for an extension be made within the prevailing exclusivity period, not that the request be *granted* in such period." In re Nicolet, Inc., 80 B.R. 733, 741 (Bankr. E.D. Pa. 1987) (emphasis

5

in original). Debtors' Motion and 14-day notice period will expire prior to the current deadline of June 29, 2016. Even if a hearing is necessary, the Court can timely grant Debtors' requested relief.

WHEREFORE, Debtors request that the Court enter an order: (i) granting this Motion; (ii) extending the time for filing a proposed plan of reorganization and disclosure statement up to and including July 29, 2016; (iii) extending the exclusivity to solicit acceptances up to and including September 28, 2016; and (iv) entering such other relief as deemed appropriate.

Dated this 6th of June, 2016.

**LINDQUIST & VENNUM LLP**

By: */s/ Ethan J. Birnberg*
John C. Smiley, #16210
Ethan J. Birnberg, #43343
600 17th Street, Suite 1800 South
Denver, Colorado 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
jsmiley@lindquist.com
ebirnberg@lindquist.com

*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2016, the foregoing **DEBTORS' MOTION TO EXTEND EXCLUSIVITY PERIOD TO FILE PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT AND TO SOLICIT AND OBTAIN ACCEPTANCES OF PLAN** was served by U.S. Mail, first class postage prepaid, addressed to all parties listed on Comprehensive Service List No. 2, Dated May 27, 2016 (Dkt. #99).

                                                                    /s/ Brandon Blessing

DOCS-#5219165-v2